UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURDES C. WALDIE,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>　　　Defendant. | Case No. ED CV 12-1090 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Lourdes C. Waldie ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends, among other things, that the Administrative Law Judge ("ALJ") did not properly consider the medical evidence with respect to Plaintiff's inability to complete a normal work week. (Joint Stip. at 5-8, 12-13.) The Court agrees with Plaintiff for the reasons stated below.

///

///

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

A. <u>An ALJ Must Provide Sufficient Reasons to Reject the Opinions of Treating and Examining Physicians</u>

An ALJ "need not discuss *all* evidence presented," but rather, "must explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex. rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). "At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester*, 81 F.3d at 830 (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Id.* An examining physician's uncontradicted opinion, like a treating physician's uncontradicted opinion, may be rejected only for clear and convincing reasons. *Id.* Even if the opinions of a treating or examining source are contradicted by another doctor, the ALJ may not reject those opinions without providing specific and legitimate reasons supported by substantial evidence for doing so. *Id.*

Finally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Id.* at 831.

B. <u>The ALJ Failed to Provide Sufficient Reasons for Rejecting the Opinions of Drs. Larson, Khan, Fetterman, and Salek</u>

Every medical source that commented on Plaintiff's ability to maintain a regular work schedule in light of her mental impairments agreed that Plaintiff was more than slightly limited in this regard. In a September 4, 2009, Functional

Capacity Questionnaire, Plaintiff's treating physician, Nizar Salek, M.D., noted that Plaintiff would be absent from work more than four days a month due to her impairments or treatment. (AR at 531.) On March 10, 2010, agency consultative psychologist Douglas Larson, Ph.D., opined that Plaintiff's "[a]bility to maintain regular attendance in the workplace and perform work activities on a consistent basis is moderately impaired." (*Id.* at 402.) On March 19, 2010, agency nonexamining physician S. Khan, M.D., concluded that Plaintiff was moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and in her ability to perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.* at 416.) On July 27, 2010, Dr. Salek completed a medical source statement in which he indicated that Plaintiff would be absent from work more than three days a month due to her impairments or treatment. (*Id.* at 535.) In a January 25, 2011 consultative psychological report, Carol W. Fetterman, Ph.D., stated that Plaintiff had a "fair ability to maintain regular attendance in the workplace as mental health symptoms may impact attendance." (*Id.* at 476.)

     Other mental health sources examined Plaintiff or reviewed her medical records but did not comment on this particular impairment. For example, Reynaldo Abejuela, M.D., conducted a complete psychiatric evaluation of Plaintiff on May 21, 2009. Dr. Abejuela listed a number of impairments and ultimately concluded that Plaintiff's "psychiatric limitations are none to mild." (*Id.* at 226.) However, Dr. Abejuela did not give his opinion as to Plaintiff's ability to maintain regular attendance at work. Similarly, David Glassmire[2], the psychological expert whose opinion was given the greatest weight by the ALJ, asked questions of Plaintiff, discussed Plaintiff's medical history in detail, and offered his opinions as to the

---

[2] Although Dr. Glassmire's credentials are not apparent from the record, the Court assumes he is a psychologist.

3

1  extent of Plaintiff's limitations. (*Id.* at 48-56.) Yet, Dr. Glassmire neither discussed the evidence of Plaintiff's limited ability to maintain attendance nor offered his own opinion in this regard.

The opinions of the examining and treating sources[3] that Plaintiff had a limited ability to maintain work attendance appear to be uncontradicted in that no other source found that Plaintiff did not suffer such an impairment. Thus, the ALJ was required to give clear and convincing reasons for rejecting the opinions indicating some level of impairment. However, even if the Court assumes that the silence of the other sources on this issue amounted to a contradiction, the ALJ was required to provide specific and legitimate reasons for rejecting these opinions, something the ALJ failed to do.

The ALJ did not discuss Plaintiff's impaired ability to maintain work attendance in his opinion. Importantly, in detailing Plaintiff's residual functional capacity, the ALJ did not include a limitation in Plaintiff's ability to maintain work attendance. The ALJ credited Dr. Glassmire's opinion over any of the other medical sources because Dr. Glassmire "gives greater mental work restrictions than the State agency medical consultants and Drs. Abejuela, Larson, and Fetterman" and "[h]is functional assessment is generous given Dr. Fetterman's recent consultative psychological evaluation showing the claimant gave suboptimal effort and greatly exaggerated her symptoms." (*Id.* at 33.)[4]

First, the ALJ erred to the extent he relied solely on the opinions of the nonexamining psychological expert to reject the opinions of the treating and

---

[3] The Court notes that Dr. Khan was a nonexamining source. However, his conclusions are consistent with the examining and treating sources.

[4] Significantly, the vocational expert testified at the hearing before the ALJ that Plaintiff would be precluded from all work if she was absent from work three or more days a month, or was off task a total of a third of the day, due to her symptoms. (AR at 71.)

4

examining sources on this issue. *Lester*, 81 F.3d at 831.

Moreover, to the extent the ALJ found that Dr. Glassmire advocated greater limitations than the other medical sources, he is incorrect. Dr. Glassmire did not indicate that Plaintiff had any limitations in her ability to maintain work attendance and seemingly ignored the evidence that Plaintiff suffered such a limitation. Also, to the extent that the ALJ relied on Dr. Fetterman's conclusion that Plaintiff exaggerated her symptoms, it is important to note that even Dr. Fetterman found that Plaintiff had just a "fair" ability to maintain regular attendance in the workplace because her "mental health symptoms may impact attendance." (AR at 476.) Accordingly, the ALJ failed to provide the requisite specific and legitimate reasons for rejecting the opinions of the medical sources that Plaintiff was impaired in her ability to maintain work attendance.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly ignored the opinions of Drs. Larson, Khan, Fetterman, and Salek with respect to Plaintiff's ability to maintain regular attendance in the workplace. The Court therefore concludes that the ALJ's decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

### C. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, the opinions of Drs. Larson, Khan,

Fetterman, and Salek must be properly assessed. Therefore, on remand, the ALJ shall reevaluate the treating and examining source opinions and either credit them as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[5]

Dated: August 7, 2013

_____

Hon. Jay C. Gandhi

United States Magistrate Judge

---

[5] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 5-15, 20-22.)